

**FILED**
**Aug 16, 2018**
**01:25 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| **IMAD LAGEL,** | ) | **Docket No. 2018-06-0130** |
| | ) | |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **ELWOOD STAFFING SERVICES, LLC,** | ) | **State File No. 54870-2016** |
| | ) | |
| **Employer,** | ) | |
| **And** | ) | |
| | ) | |
| **ZURICH AMERICAN INS. CO.,** | ) | **Judge Joshua Davis Baker** |
| **Carrier.** | ) | |

## EXPEDITED HEARING ORDER DENYING
## MEDICAL BENEFITS

This case came before the Court on August 9, 2018, on Imad Lagel's Request for Expedited Hearing. The issue is whether Mr. Lagel would likely prevail at a hearing on the merits in proving entitlement to additional medical treatment. The Court holds he would not likely prevail at a hearing on the merits and denies his claim for medical benefits.

### History of Claim

Mr. Lagel worked as a temporary employee for Elwood Staffing. On July 19, 2016, he developed right foot pain and swelling while stacking boxes onto pallets. Elwood authorized emergency treatment at Stonecrest Medical Center. After examination and x-rays, the medical provider noted soft tissue swelling and osteoarthritic changes, diagnosed a right foot sprain, and recommended follow-up with a primary care physician.

Mr. Lagel chose U.S. Healthworks from a panel of physicians for his follow-up care. Dr. Harold V. Nevels diagnosed a right foot sprain. He briefly restricted Mr. Lagel's work but discharged him to full duty three days later as his "pain was resolving." He placed Mr. Lagel at maximum medical improvement (MMI).

Mr. Lagel quit his job at Elwood about a week after his injury and began working for another staffing company. About two weeks after starting his new job, Mr. Lagel returned to Stonecrest with the same right foot complaint and was diagnosed with gout. As before, his symptoms had developed gradually while walking and standing during his shift. Mr. Lagel told the provider about his prior right foot injury but reported the "pain resolved then returned today with 'standing on foot all day' – no injury." Mr. Lagel thought "it [was] caused by work with walking then standing still." His symptoms calmed somewhat after his second visit to Stonecrest.

Then, in 2017, Mr. Lagel's right foot injury "came back." He went on his own to Vanderbilt University Medical Center and complained of the same symptoms, but he attributed the onset of those symptoms to cold weather. Mr. Lagel filed a Petition for Benefit Determination for medical benefits shortly after his treatment at Vanderbilt. After this filing, Mr. Lagel testified that the adjuster agreed to authorize a follow-up visit with Dr. Nevels.

At the follow-up, Dr. Nevels determined Mr. Lagel's symptoms were unrelated to his July 2016 foot sprain. Significantly, an x-ray showed "[f]irst metatarsal head erosions which could indicate gout." In providing his opinion, Dr. Nevels mentioned Mr. Lagel's "full discharge" from a "simple right ankle/foot sprain," the "time interval" between Mr. Lagel's release and his return for more treatment, and the gout diagnosis. Dr. Nevels wrote, "[T]he "preexisting condition more likely than not is causing the current symptoms and findings."

Dr. Nevels also could not align Mr. Lagel's conflicting accounts of his injury with those documented in the medical records. He wrote, "The findings on exam and diagnosis are not consistent with the injury reported by patient." He noted that Mr. Lagel reported that Vanderbilt removed fluid from his right ankle. However, Dr. Nevel's review of those records indicated Mr. Lagel presented to Vanderbilt with "LEFT ankle pain and edema—atraumatic" and underwent "an arthrocentesis of the LEFT ankle." (Emphasis in original.) Dr. Nevels specifically referenced the Vanderbilt-physician's notation that "the most likely etiology of the patient's pain is osteoarthritic given that he is on his feet the majority of the day" with a "labor-intensive job."

## Legal Principles and Analysis

At the hearing, Mr. Lagel requested treatment for his right foot and claimed the symptoms from the July 19, 2016 work injury remained and/or repeatedly recurred after

2

his release by the doctor. To receive relief at this expedited hearing, Mr. Lagel must provide sufficient evidence to show he would likely prevail at a hearing on the merits in proving entitlement to further medical treatment. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2017). The Court finds that Mr. Lagel failed to present sufficient evidence.

To be compensable, an injury must arise primarily out of the course and scope of employment. An injury arises primarily out of the course and scope employment if the employment "contributed more than fifty percent (50%) in causing the injury, considering all causes." Further, an injury causes the need for medical treatment only if it has been shown "to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the . . . need for medical treatment, considering all causes." A "reasonable degree of medical certainty" means a physician believes it is "more likely than not considering all causes, as opposed to speculation or possibility." *See* Tenn. Code Ann. § 50-6-102(14).

An employee must present expert medical proof that the alleged injury is causally related to the employment when the case is not "obvious, simple [or] routine." *Willis v. All Staff*, 2015 TN. Wrk. Comp. App. Bd. LEXIS 42, at *27 (Nov. 9, 2015). Lay testimony is insufficient to establish causation in the absence of medical evidence. *Ariga v. AtWork Pers. Servs.*, TN Wrk. Comp. App. Bd. LEXIS 6, at*7 (Aug. 18, 2015). Further, the opinion of the physician selected from a panel is afforded a presumption of correctness on causation, although that presumption can be overcome by a preponderance of the evidence standard. Tenn. Code Ann § 50-6-102(14)(E).

Here, Mr. Lagel chose Dr. Nevels from a panel of physicians. Dr. Nevels could not state that Mr. Lagel's right foot condition arose primarily from his employment with Elwood. Conversely, he found that Mr. Lagel's pre-existing arthritis and gout were "more likely than not" causing Mr. Lagel's flare-ups when walking and standing during his shifts. The Court must afford Dr. Nevels' opinion a presumption of correctness, and Mr. Lagel's lay testimony alone does not overcome that presumption. Accordingly, the Court holds he is not likely to prevail at a hearing on the merits and denies his request for additional medical benefits.

It is **ORDERED** as follows:

1. Mr. Lagel's request for additional medical benefits is denied at this time.

2. The parties shall appear for a status conference on **October 1, 2018, at 10:30 a.m. (CDT).** The Court will convene the status conference via telephone. The parties must call the Court's conference line at (615) 741-2113 or (855) 874-0474 to participate.

**ENTERED ON AUGUST 16, 2018.**


_____
**Judge Joshua Davis Baker**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:

1. Medical Records
2. Mr. Lagel's Affidavit
3. Wage Statement
4. First Report of Injury
5. Choice of Physician

Technical Record:

1. Request for Expedited Hearing
2. Dispute Certification Notice
3. Petition for Benefit Determination
4. Employer's Pre-hearing Brief

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Expedited Hearing Order was sent to the following recipients by the following methods of service on August 16th, 2018

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|----------------|-----|-------|------------------|
| Imad Lagel, Self-represented Employee | X | | X | 5756 Mount View Rd. Antioch, TN 37013 Lg_imad@hotmail.com |
| David Deming, Employer's Attorney | | | X | ddeming@manierherod.com |

_____

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

6



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**EXPEDITED HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

RFA #: _____

Date of Injury: _____

SSN: _____

_____
**Employee**

_____
**Employer and Carrier**

**Notice**

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

**Statement of the Issues**

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

**Additional Information**

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

**List of Parties**

**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*** Attach an additional sheet for each additional Appellant ***

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)

**Appellee (Opposing Party):**_____At Hearing: ☐Employer ☐Employee

Appellee's Address: _____

Appellee's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20__.

[Signature of appellant or attorney for appellant] _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____   2. Address: _____

3. Telephone Number: _____   4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____   Relationship: _____

_____   Relationship: _____

_____   Relationship: _____

_____   Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month          Medical/Dental  $ _____ per month

  Groceries  $ _____ per month  Telephone  $ _____ per month

  Electricity  $ _____ per month  School Supplies $ _____ per month

  Water  $ _____ per month  Clothing  $ _____ per month

  Gas  $ _____ per month  Child Care  $ _____ per month

  Transportation $ _____ per month  Child Support $ _____ per month

  Car  $ _____ per month

  Other  $ _____ per month (describe: _____ )

10. Assets:

  Automobile  $ _____  (FMV) _____

  Checking/Savings Acct. $ _____

  House  $ _____  (FMV) _____

  Other  $ _____  Describe: _____

11. My debts are:

  Amount Owed    To Whom

  _____  _____

  _____  _____

  _____  _____

  _____  _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____